COURT OF APPEALS
DECISION
DATED AND FILED

**May 22, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2023AP560**
**2023AP1648**

Cir. Ct. No.  2022SC3254

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

PAULA O. TILLER,

   PLAINTIFF-RESPONDENT,

V.

KALLIE KESTLY,

   DEFENDANT-APPELLANT.

APPEALS from a judgment and an order of the circuit court for Waukesha County:  BRAD SCHIMEL, Judge.  *Affirmed*.

¶1    GUNDRUM, P.J.[1]  In these consolidated cases, Kallie Kestly appeals pro se from a judgment and an order of the circuit court.[2]  She claims the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(continued)

court erred in concluding she owes Paula O. Tiller $3,478.70. For the following reasons, we affirm.

## Background

¶2      On November 15, 2022, Tiller filed a small claims court complaint against Kestly seeking a $5,000 judgment for damages incurred in connection with an October 27, 2022 incident in which Kestly's son punched Tiller's son in the jaw at school, causing injury. Kestly filed an answer and counterclaim, seeking a $5,000 judgment in relation to damages she claims were caused by Tiller's son bullying and "threatening" Kestly's daughter on October 27, 2022. She claimed her son would not have punched Tiller's son if he had not been bullying and threatening Kestly's daughter.

¶3      On March 21, 2023, the circuit court held a court trial at which Tiller and Kestly testified. Tiller testified to the harm inflicted on her son by Kestly's son on October 27, as well as lost wages and mileage related to medical and legal appointments, cost of medicine, costs related to a baseball program for which Tiller had already paid but in which her son was unable to participate during November and December 2022, printing costs, pain and suffering her son endured as a result of the incident, and fees related to filing suit, service of process, mediation, and a guardian ad litem. Kestly did not dispute that her son punched Tiller's son, but she vigorously contested the damages Tiller sought, particularly challenging Tiller's claims for lost wages from work because, according to Kestly,

---

Kestly requests that this appeal be converted to a three-judge appeal. Because she provides no reasons for why we should do so, her request is denied.

[2] By order dated October 23, 2023, we consolidated her two appeals.

the claims were not supported by sufficient documentary evidence. Related to this challenge, Kestly stated "[t]here is no proof that she took the time off," to which the court responded, "Other than her testimony."

¶4      As to Kestly's counterclaim, the circuit court indicated there appeared to be a lack of proof in support of her claim and that it would be better suited for a separate lawsuit on the matter of whether Tiller's son caused harm to Kestly's daughter and whether any damages resulted.

¶5      Following the close of evidence, the circuit court recounted the specific financial claims by Tiller. The court found most of the claimed damages to have been caused by the October 27 attack by Kestly's son on Tiller's son and sufficiently proven, but the court noted that even "tak[ing] out everything relating to seeing that Guardian ad Litem [and] one-third of the days [for which] wages are claimed … we are still at the [$5,000] cap." The court concluded that Tiller had met her burden of proof "as to at least $5,000 in damages," and it entered judgment accordingly. Kestly appealed.

¶6      Subsequent proceedings took place in the circuit court, and the court ultimately granted a motion by Kestly "to Reopen the Evidence and Reconsider the Judgment based upon … newly obtained evidence." An evidentiary hearing on this motion was held on August 17, 2023. At that hearing, Tiller acknowledged errors related to some of her claims for lost wages at the court trial, and the court ultimately reduced the damages award from $5,000 to $3,478.70. Kestly filed a second appeal. We consolidated the appeal from the judgment related to the March 21, 2023 court trial and the appeal from the order related to the August 17, 2023 evidentiary hearing.

3

*Discussion*

¶7     On appeal, Kestly contends the circuit court erred in numerous respects. All of her complaints relate to her overall assertion that the court erred at the March 21, 2023 trial and August 17, 2023 evidentiary hearing by finding damages for Tiller based upon her "verbal testimony" as opposed to documentary evidence Kestly insists should have been presented. She relatedly asserts that Tiller's testimony does not constitute "actual proof and evidence of the money the plaintiff was claiming to be owed." She additionally claims that even if Tiller's testimony was sufficient, the court should not have believed Tiller because she was "dishonest." Kestly further asserts the court "show[ed] favoritism" to Tiller for various reasons, but in large part because the court relied upon Tiller's testimony as to damages instead of requiring the sort of documentary evidence Kestly states Tiller should have provided.

¶8     Kestly's brief does not comply with several requirements of the Wisconsin rules of appellate procedure. Her brief presents a first person narrative description of her view of the substantive and procedural events that have unfolded since October 27, 2022. None of the "facts" represented throughout her brief are supported by citations to the record as required under WIS. STAT. RULE 809.19(1)(d)-(e). In the argument section of her brief, Kestly accuses Tiller of lying in the court proceedings[3] and the circuit court of showing favoritism to Tiller throughout the proceedings. But, she fails to provide a standard of review for our consideration of any of her claims of error. She also fails to support any of

---

[3] For its part, in response to Kestly's accusations of dishonesty by Tiller, the circuit court stated at the August 17, 2023 hearing that it "can't conclude from the evidence here that [Tiller] is lying."

her legal arguments "with citations to the authorities, statutes and parts of the record" as required by WIS. STAT. RULE 809.19(1)(e).  Aside from the fact that she has failed to cite to the transcript for the March 21, 2023 court trial and August 17, 2023 evidentiary hearing for any of her claims of error related to those proceedings, she completely fails to develop any sort of legal argument to support her claims of error by the circuit court, and "[w]e will not address undeveloped arguments."  *See **Clean Wis., Inc. v. PSC***, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768; *see also **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority).

¶9      An appellant, like Kestly here, bears the burden of demonstrating the circuit court erred.  *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.  There is well-developed Wisconsin law for reviewing claims of error related to the sufficiency of evidence presented, challenges to the admission of evidence, a circuit court's credibility determinations and weighing of evidence, and whether a judge was biased.  Kestly makes no effort to present any of this.  Rather, she asks us to reverse the circuit court simply based on her say-so.  That is not how an appeal works, and we will not abandon our neutrality to develop arguments for her.  *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.  While we recognize that Kestly is pro se, she is still required to abide by the same rules governing attorneys.  *See **Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).  "The right to self-representation is '[not] a license not to comply with relevant rules of procedural and substantive law.'"  ***Id.*** (alteration in original; citation omitted).

¶10      For the foregoing reasons, we affirm.

5

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.